REINHARDT, Circuit Judge, dissenting.
Appellees Jones Soda Company and CEO Peter M. van Stolk engaged in false statements in order to secure investments for its entry into the $66 billion carbonated soft drink (CSD) market. Van Stolk claimed that in order to support its CSD rollout to more than 14,000 new retailers, Jones Soda would be “hiring additional personnel, making upgrades to [its] infrastructure, and increasing [its] sales and marketing expenditures.” ER 38 (¶ 34). In fact, Jones Soda made no infrastructure upgrades or marketing expenditures, ER 44 (¶ 48), 52-53 (¶¶ 73-74), 66-67 (¶115), and hired just eight new sales and marketing employees. ER 66 (¶ 114). Even if all eight were assigned full-time to t¡he CSD initiative, each of these new hires would *510 have been required to take on sole and full responsibility for promoting and marketing 1750 new stores, an unlikely task. ER 65 ¶ (109).
The company never made the resource investments it promised to support its CSD initiative; Jones Soda and Van Stolk were well aware that the company suffered “continuous out of stocks” ER 53, 68 (¶¶ 74,1191) and “didn’t have the manpower to make sure the shelves were merchandised,” ER 66-67 (¶ 115), yet never disclosed these facts to investors at any time during the Class Period.
The majority does not contest any of these facts. Instead, it asserts that appel-lees’ statements to investors were not false but “overly optimistic,” (Maj. Memo. 4) because Jones Soda and Van Stolk “never claimed that their investments were sufficient or adequate to ensure that the canned-soda initiative would be profitable.” Id. The majority misperceives the appel-lees’ obligations to potential investors. In this case, appellee certainly should have been aware that its misrepresentations regarding its future improvements to personnel, infrastructure, and marketing expenditures would give the impression that Jones Soda would be far better equipped to carry out the proposed initiative than it knew it would be. If the majority’s conclusions were right, there would be little deterrent to a company’s deliberate inflation of its qualifications to investors.
I dissent.